# EXHIBIT A-1

Case 1:07-cv-00496-EJL-CWD   Document 1-1   Filed 11/19/07   Page 2 of 11



OWENS & CRANDALL, PLLC
Attorneys at Law
1859 N. Lakewood Drive, Suite 104
Coeur d'Alene, ID 83814
Telephone: (208) 667-8989
Facsimile: (208) 667-1939

Jeffrey R. Owens, ISB #7276
Attorneys for Plaintiffs

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2007 OCT -9  P 12: 13

MARIE SCOTT
CLERK DISTRICT COURT

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF

STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

| | |
|---|---|
| MELANIE A. HOLLETT and GORDON D. HOLLETT, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>LVNV FUNDING LLC, d/b/a "RESURGENT CAPITAL SERVICES, LP, d/b/a "ALEGIS GROUP, LLC", d/b/a "SHERMAN FINANCIAL GROUP, LLC", d/b/a "PINNACLE FINANCIAL GROUP"; a foreign corporation; ALLIANCEONE RECEIVABLES MANAGEMENT, INC., a foreign corporation; SEARS, ROEBUCK and COMPANY, a foreign corporation; CITIGROUP INC., d/b/a "CITI", a foreign corporation; INCHARGE DEBT SOLUTIONS, a foreign corporation; and DOE CORPORATIONS 1 through 5,<br><br>Defendants. | CASE NO.: CV-2007-01721<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the above named Plaintiffs, by and through their attorneys of record, Owens & Crandall, PLLC, by Jeffrey R. Owens and for their claims against the Defendants complain and allege as follows:

COMPLAINT FOR DAMAGES - Page 1

ASSIGNED TO STEVE VERBY
DISTRICT JUDGE

I.
## IDENTITY OF THE PARTIES, JURISDICTION AND VENUE

1.1     Plaintiffs Melanie and Gordon Hollett:   Plaintiffs Melanie and Gordon Hollett (hereafter "Plaintiffs") are wife and husband and reside in Bonner County, State of Idaho.

1.2     Defendant LVNV FUNDING LLC:  Defendant LVNV FUNDING LLC, d/b/a "RESURGENT CAPITAL SERVICES, LP, d/b/a "ALEGIS GROUP, LLC", d/b/a "SHERMAN FINANCIAL GROUP, LLC", d/b/a "PINNACLE FINANCIAL GROUP"; (hereafter "Defendant LVNV FUNDING") is a Delaware corporation conducting business in the State of Idaho with CT Corporation System as registered agent.  Said Defendant has regular and systematic contact with the State of Idaho and avails itself of the benefits and protections of the laws of the State of Idaho.  Said Defendant owns, manages and/or operates for profit a business throughout the State of Idaho, including Bonner County.

1.3     Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC.: Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC., (hereafter "Defendant ALLIANCEONE") is a Delaware corporation conducting business in the State of Idaho with CT Corporation System as registered agent.  Said Defendant has regular and systematic contact with the State of Idaho and avails itself of the benefits and protections of the laws of the State of Idaho.  Said Defendant owns, manages and/or operates for profit a business throughout the State of Idaho, including Bonner County.

1.4     Defendant SEARS, ROEBUCK and COMPANY:   Defendant SEARS, ROEBUCK and COMPANY, (hereafter "Defendant SEARS") is a New York corporation conducting business in the State of Idaho with CT Corporation System as registered

COMPLAINT FOR DAMAGES - Page 2

agent. Said Defendant has regular and systematic contact with the State of Idaho and avails itself of the benefits and protections of the laws of the State of Idaho. Said Defendant owns, manages and/or operates for profit a business throughout the State of Idaho, including Bonner County.

1.5   Defendant CITIGROUP INC.: Defendant CITIGROUP INC., d/b/a "CITI", (hereafter "Defendant CITIGROUP") is a Delaware corporation conducting business in the State of Idaho with CT Corporation System as registered agent. Said Defendant has regular and systematic contact with the State of Idaho and avails itself of the benefits and protections of the laws of the State of Idaho. Said Defendant owns, manages and/or operates for profit a business throughout the State of Idaho, including Bonner County.

1.6   Defendant INCHARGE DEBT SOLUTIONS:   Defendant INCHARGE DEBT SOLUTIONS, (hereafter "Defendant INCHARGE") is a Nevada corporation conducting business in the State of Idaho with Corporation Service Company as registered agent. Said Defendant has regular and systematic contact with the State of Idaho and avails itself of the benefits and protections of the laws of the State of Idaho. Said Defendant owns, manages and/or operates for profit a business throughout the State of Idaho, including Bonner County.

1.7   Defendant DOE CORPORATIONS 1 through 5:   The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOE CORPORATIONS 1 through 5, are unknown to Plaintiffs whom therefore sue said defendants by such fictitious names. Plaintiffs will ask leave to amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the

defendants designated herein as a DOE CORPORATIONS 1 through 5 are legally responsible in some manner for the events herein referred to and caused damage and injury proximately thereby to Plaintiffs.

1.8     Defendant LVNV, Defendant ALLIANCEONE, Defendant SEARS, Defendant CITIGROUP, Defendant INCHARGE, and Defendant DOE CORPORATIONS 1 through 5, shall hereinafter be referred to collectively as "Defendant Corporations".

1.9     Venue is proper in Bonner County pursuant to I.C. §41-1838 in that Plaintiffs' cause of action arose in Bonner County, and Bonner County is where Plaintiffs reside. This court has jurisdiction over Defendant and this action pursuant to I.C. §5-514(a), (b), (c) and (d).

## II.
## GENERAL ALLEGATIONS

2.1     Plaintiffs incorporate hereby by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

2.2     On or about the year 1991, Plaintiffs Gordon and Melanie Hollett financed approximately $4,500.00 worth of merchandise purchased from Defendant SEARS through a credit card provided to them by Defendant CITIGROUP. The credit card account bears the number 0172737540267.

2.3     On or about October, 2001, Plaintiffs retained the services of Defendant INCHARGE, a credit counseling center, and began making payments on said credit card account. Payments were made to Defendant INCHARGE, who in turn made payments on the various accounts, which payments were received monthly beginning on or about October 11, 2001 through February 14, 2006, for a total payment to creditor Defendant SEARS of $5,493.26, at which time the account was paid in full.

2.4     On or about September 26, 2006, Defendant SEARS sold said account to Defendant LVNV, d/b/a "Resurgent Capital Services". Said account was sold with a balance of $5,310.72.

2.5     Defendant LVNV then retained the services of Defendant ALLIANCEONE, to collect on the alleged outstanding balance of said account. Mr. John Thompson, an agent for Defendant ALLIANCEONE, in an attempt to collect on the alleged debt, made repeated phone calls to Plaintiffs' cellular phone and home phone, calling between four and six times per day. Plaintiffs explained to Defendant ALLIANCEONE that the SEARS account had been paid in full, and that Defendant INCHARGE had taken care of everything. Defendant ALLIANCEONE agent John Thompson accused Plaintiffs of lying and threatened them with lawsuits.

2.6     Under the duress caused by threats of litigation and continual phone calls, Plaintiffs made two additional payments on the alleged outstanding balance of said account. The first payment was made on or about September 11, 2007 in the amount of $500.00, and the second payment was made on or about September 21, 2007 in the amount of $500.00.

2.7     Other than being contacted by Defendant SEARS briefly in 2001, the Plaintiffs heard nothing further regarding the original debt until August 13, 2007. On that date the Plaintiffs received a form collection letter from Defendant ALLIANCEONE demanding immediate payment of a sixteen-year-old debt alleging a balance of $5,310.72.

2.8     The aforementioned act of Defendant Corporations was willful, malicious and oppressive and with a conscious disregard of the rights, feelings and interests of

Plaintiffs with the intent to vex, injure and annoy Plaintiffs, such as to constitute oppression, fraud and/or malice.

2.9   Defendant Corporations did negligently, carelessly and wrongfully breach its duty to exercise reasonable care in its handling of this claim, specifically seeking payment of a debt when it had no right to do so and in direct conflict with its statutory duties as specified under the "Idaho Collection Act," I.C. § 26-2201 et seq. and provisions of the Federal Fair Debt Collections Practices Act, 15 USC § 1692 et seq.

2.10   By reason of the foregoing acts and omissions of Defendant Corporations, and as a proximate cause thereof, Plaintiffs have suffered general, special and consequential damages in an amount to be determined according to proof at trial.

## III.
## FIRST CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)

3.1   Plaintiffs incorporate hereby by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

3.2   Pursuant to Idaho Code § 15 USC 1692 et seq. the Defendants had a duty to deal openly, fairly and honestly without deception in their contacts with the Plaintiffs. Specifically, I.C. § 26-2229A(1) provides: "Every permittee, foreign permittee, and agent shall deal openly, fairly, and honestly without deception in the conduct of the collection agency business."

3.3   Defendants owed a duty to Plaintiffs Gordon and Melanie Hollett pursuant to common law, Idaho statutes and Federal law not to misrepresent pertinent legal rights of the parties and to obey applicable common law and statutory law. They breached that duty as specified previously in this complaint

3.4 As a direct and proximate result of the aforementioned wrongful conduct, Plaintiffs Gordon and Melanie Hollett have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, causing the Plaintiffs to suffer general and special damages in an amount to be determined according to proof at trial, but in all events greater than the jurisdictional minimum of this Court.

## IV.
## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

4.1 Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

4.2 Defendants owed a duty to Plaintiffs not to intentionally inflict upon them emotional distress, which duty it breached as set forth above by engaging in outrageous conduct, that was not privileged and that was likely to cause Plaintiffs emotional distress and suffering.

4.3 The actions of the Defendant Corporations as set forth above were done intentionally or with reckless disregard of the probability that Plaintiffs would suffer severe emotional distress.

4.4 The outrageous acts and omissions of Defendants have caused Plaintiffs extreme emotional distress and anxiety with corresponding physical manifestations of this emotional distress. The injuries have resulted in physical and emotional pain and suffering; mental anguish; loss of enjoyment of life, past and future; in an amount to be determined according to proof at trial.

## V.
## THIRD CAUSE OF ACTON
### (Negligent Infliction of Emotional Distress)

5.1   Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

5.2   Defendant Corporations owed a duty to Plaintiffs Gordon and Melanie Hollett not to negligently inflict upon them emotional distress, which duty it breached as set forth above by engaging in outrageous conduct, that was not privileged.  As a proximate result of this breached duty Plaintiffs suffered emotional distress as set forth in paragraph 4.4 above.

## VI.
## FOURTH CAUSE OF ACTION
### (Fraud)

6.1   Plaintiffs incorporate herein by reference as if fully set forth each and every allegation of the preceding paragraphs of this Complaint.

6.2   The Defendant Corporations hold themselves out to the public as being fair, honest, and trustworthy.  Defendants knew or should have known that they had no legal right to seek collections of the funds demanded in the collection letter.

6.3   Defendants knew or should have known that its conduct was contrary and in contravention of state common law, as well as State and Federal statutory law.

6.4   Notwithstanding, Defendant Corporations represented to the Plaintiffs that they were legally obligated to pay the sums demanded, and willfully, maliciously, and fraudulently pursued said sums to the detriment of the Plaintiffs, Gordon and Melanie Hollett. This conduct was deceitful and fraudulent.

6.5 As a direct and proximate result of this fraudulent conduct, Plaintiffs suffered damages as set forth in the "Causes of Action" above.

---

WHEREFORE, Plaintiffs reserve their right to amend the complaint as allowed by Idaho law to contain a prayer for punitive damages. Furthermore, Plaintiffs pray for judgment against Defendant Corporations, jointly and severally in excess of the jurisdictional minimum, as follows:

1. For an award of general damages according to proof at trial;

2. For an award of special damages according to proof at trial;

3. For an award of consequential damages according to proof at trial;

4. For prejudgment interest on the damages alleged herein as permitted by law;

5. For attorneys' fees;

6. For costs of suit;

7. For such other and further relief, including punitive damages, as the court may deem proper.

DATED this 2 day of October, 2007

OWENS & CRANDALL, PLLC

Jeffrey R. Owens, ISB #7276
Attorney for Plaintiffs

## DEMAND FOR JURY

COME NOW the above named Plaintiffs by and through their attorneys, and do demand a trial by jury on all issues herein.

DATED this 2 day of October, 2007

OWENS & CRANDALL, PLLC

Jeffrey R. Owens, ISB #7276
Attorney for Plaintiffs